## CIRCUIT COURT OF NELSON COUNTY

Donna M. Small

    v.

Mary K. Dixon

July 22, 1999

Case No. CL 97-225

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion of the plaintiff to set aside the confession of judgment and to amend the ad damnum in the above case. In this regard, I grant the plaintiff's motion to set aside the confession of judgment and the motion to amend the ad damnum in this case.

This is an action by the plaintiff to recover for personal injuries alleged to have been sustained in an automobile accident on November 24, 1995. The plaintiff filed the motion for judgment in the instant case on October 17, 1997, with a prayer for $20,000.00 in compensatory damages plus interest and costs. The Court further understands that the plaintiff filed an earlier motion for judgment in which she took a voluntary nonsuit.

On March 31, 1999, the parties took depositions. At the depositions, counsel for the plaintiff indicated an intention to move for an amendment of the ad damnum to increase the amount being sued for. Further, on April 2, 1999, there was a discussion between plaintiff's counsel and defendant's counsel in which there was an effort to settle the case for an amount in excess of the ad damnum of $20,000.00. Thereafter, on April 9, 1999, the defendant confessed judgment in the sum of $20,000.00 plus interest and court costs. This confession of judgment was made without notice to the plaintiff. By letter dated May 14, 1999, counsel for defendant tendered a check to counsel for the plaintiff in an amount in excess of $26,000.00 for the principal, interest, and court costs. Thereafter, by motion dated June 9, 1999, the plaintiff moved to

set aside the confession of judgment. On the same date, the plaintiff moved to amend the ad damnum to increase the amount sued for to $120,000.00.

Section 8.01-431 of the Code of Virginia provides in part that "In any suit a defendant may, whether the suit be on the court docket or not, confess a judgment in the clerk's office for so much principal and interest as the plaintiff may be willing to accept a judgment or decree for." In the instant, it is clear that the defendant knew the plaintiff would not accept a judgment or decree for the principal amount of $20,000.00. Through her counsel, discussions were undertaken to settle the case for an amount in excess of the principal sum of $20,000.00. Additionally, plaintiff's counsel had indicated that he would increase the amount sought to be recovered in the case. Thus, the Court finds that the plaintiff was not willing to accept a judgment or decree for the principal sum of $20,000.00. The confession of judgment by the defendant is set aside.

Next, Rule 1:8 of the Rules of the Supreme Court of Virginia provides that leave to amend "shall be liberally granted." I find that, in the instant case, the ends of justice will be furthered by the amendment to the pleadings. There does not appear to be any prejudice to the defendant.